[No. C062380. Third Dist. Jan. 31, 2011.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Plaintiff, Cross-defendant and Respondent, v.
FUE LEE et al., Defendants, Cross-complainants and Appellants.

## COUNSEL

Franck & Associates and Herman Franck for Defendants, Cross-complainants and Appellants.

Horvitz & Levy, David S. Ettinger, Jeremy B. Rosen, Bradley S. Pauley; Toschi, Sidran, Collins & Doyle, Steven C. Toschi and Carl E. Kadlic for Plaintiff, Cross-defendant and Respondent.

## OPINION

**NICHOLSON, J.**—After State Farm Mutual Automobile Insurance Company filed an unfair business practices action against Fue Lee and others, Lee and the others filed a cross-complaint against State Farm and its law firm, alleging abuse of process and unfair business practices based on questions asked by State Farm's attorney during depositions in a prior action for recovery of medical expenses. The deposition questions revealed the cross-complainants' possible illegal ownership of chiropractic practices by a partnership between a chiropractor and a layperson. State Farm brought an anti-SLAPP (strategic lawsuit against public participation) motion against the cross-complaint, and Lee sought disqualification of State Farm's law firm and a preliminary injunction against use of the information revealed in the depositions. The trial court granted State Farm's anti-SLAPP motion and denied Lee's motion to disqualify and for injunctive relief.

On appeal, Lee contends the trial court erred in granting the anti-SLAPP motion. The contention is without merit because Lee failed to establish a probability of prevailing on the merits.

Lee also contends the trial court erred in denying injunctive relief. He withdrew this contention at oral argument. In any event, Lee established no legal grounds for injunctive relief.

We therefore affirm.

## BACKGROUND

*Underlying Action in Which Depositions Were Taken*

Two individuals filed uninsured motorist claims with State Farm for injuries resulting from an alleged hit-and-run automobile accident. The individuals had

received chiropractic care from Community Family Chiropractic and Good Chiropractic. In preparation for possible arbitration of the uninsured motorist claims, State Farm took the depositions of the treating chiropractors, as well as the cross-complainants Fue Lee, D.C., Chou Thao, and Richard Lysuwan. Through these depositions, State Farm discovered that Community Family Chiropractic was owned by a partnership of Lee and Thao and that Good Chiropractic was owned by a partnership of Lee and Lysuwan. No objections were made to the deposition questioning concerning the ownership of the chiropractic practices.

### State Farm's Unfair Business Practices Action Against Lee

State Farm filed a complaint against Lee, Thao, Lysuwan, Community Family Chiropractic, and Good Chiropractic alleging unfair business practices pursuant to Business and Professions Code section 17200. The crux of the complaint was that ownership of each chiropractic practice by a licensed chiropractor in partnership with a nonlicensed person was unlawful. State Farm sought injunctive relief and restitution of money State Farm had paid to the chiropractic practices.

Lee, Thao, Lysuwan, Community Family Chiropractic, and Good Chiropractic (collectively, Lee) filed a cross-complaint against State Farm and its counsel, Toschi, Sidran, Collins and Doyle (collectively, State Farm). The cross-complaint included two causes of action: abuse of process and unfair business practices. Both causes of action were based on the taking of the depositions of Lee, Thao, Lysuwan, and the treating chiropractors. According to the complaint, State Farm "took these depositions with an ulterior motive of collecting up evidence in a completely separate and different action, [State Farm's] present lawsuit against [Lee] for violation of Business and Professions Code [section] 17200, based on allegations that [Lee] had co-owners that were not licensed chiropractors. The questions during the depositions focused on the arrangement between [Lee] and his . . . business partners. Not until the very end of the depositions were there any questions asked about the patient in question."

### Motion to Disqualify State Farm's Counsel and for Injunctive Relief

Lee filed a motion to disqualify the Toschi law firm from representing State Farm in the action and, in the alternative, sought an injunction prohibiting the Toschi law firm from representing State Farm or using in this action the evidence obtained at the prior depositions. Lee asserted that, because the

Toschi law firm had committed the tort of abuse of process and illegally obtained information in the depositions, disqualification of the law firm or injunctive relief was in the interests of justice. The trial court, Judge Loren McMaster presiding, denied the motion to disqualify the Toschi firm and for injunctive relief because the taking of the prior depositions was not a basis for disqualification or injunctive relief.

### Motion to Strike the Cross-complaint

State Farm moved to strike Lee's cross-complaint pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute. It asserted that both prongs of the anti-SLAPP analysis were satisfied, namely (1) the cross-complaint arises from an act in furtherance of State Farm's right to petition and (2) Lee could not establish a probability that he would prevail on the merits. Lee filed an opposition, attempting to establish a probability of prevailing on the merits of the cross-complaint.

The trial court, Judge Michael Kenny presiding, granted State Farm's motion to strike.[1] In its order, the court noted that Lee did not address the first prong of the anti-SLAPP statute analysis—the "arising from" prong— and therefore Lee conceded the issue. (Likewise, on appeal, Lee does not contest the first prong.) Concerning the second prong, the probability of prevailing on the merits, the court stated that Lee did not carry his burden for four reasons: (1) no wrongful act was established because proper discovery is broadly construed; (2) taking of depositions is protected by the litigation privilege; (3) Lee did not object to the deposition questioning and therefore cannot now claim it was wrongful; and (4) Insurance Code section 1871 immunizes one who investigates insurance fraud in good faith. According to the court, this analysis applied to both the abuse of process and the unfair business practice causes of action because both are based on the taking of the depositions.

### Appeal

Lee appeals the denial of injunctive relief and the granting of the anti-SLAPP motion, both of which orders are appealable. (Code Civ. Proc., § 904.1, subd. (a)(6) [injunctive relief] & (13) [anti-SLAPP motion].)[2]

---

[1] In the order, Judge Kenny noted: "[Lee's] opposition quotes at length from several cases (many of which support [State Farm]) and provides little analysis." The same is true of Lee's appellate briefing, which in many ways is identical to the opposition he filed in the trial court—long quotations, little analysis.

[2] Further undesignated references to sections are to the Code of Civil Procedure.

## DISCUSSION

### I

*Anti-SLAPP Motion*

Lee contends that the anti-SLAPP motion should have been denied because he established a probability of prevailing on the merits. He bases this contention on evidence that the Toschi law firm had, in Lee's words, "an ulterior motive in taking depositions in a series of uninsured motorist claims, but for the real purpose of investigating an insurance fraud claim." Other than simply declaring it, however, Lee makes no attempt to establish by reasoning and citation to authority that taking a deposition in one case with an ulterior motive of obtaining information for another case is wrongful. This strategy is a loser on appeal.

Section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." "As used in [section 425.16], 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law . . . ." (§ 425.16, subd. (e).)

■ "Section 425.16, subdivision (b)(1) requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is

based.' " (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685].)

We review an order granting an anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325–326 [46 Cal.Rptr.3d 606, 139 P.3d 2].)

Lee makes no contention of error with respect to the "arising from" prong of the anti-SLAPP analysis. Accordingly, we deem Lee's failure to make any argument in that regard a concession of the correctness of the trial court's finding. Lee's argument is directed to the "probability of prevailing" prong. But his argument that he established a probability of prevailing is without merit.

As Lee notes (and quotes twice in his opening brief), "[t]o establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner. [Citations.]" (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 792 [226 Cal.Rptr. 90, 718 P.2d 77].) Lee states and restates the facts he alleges to establish the first element (the ulterior motive element) but offers nothing on the willful-act-in-a-wrongful-manner element—no case law stating that inquiring concerning extraneous issues in a deposition is wrongful, no statute proscribing such action. Instead, the law is to the contrary, allowing a broad scope of discovery.

The case that Lee cites for the elements of an abuse of process cause of action is instructive here. (*Coleman v. Gulf Ins. Group, supra,* 41 Cal.3d 782.) In that case, the defendant filed a meritless appeal solely for the benefit of delay or to coerce the plaintiff into settling—thus an ulterior motive. However, there was no wrongful act. The defendant was entitled to appeal from the judgment and it was therefore an act authorized by law. (*Id.* at pp. 792–793.)

Here, State Farm engaged in discovery as authorized by law. "Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. . . ." (§ 2017.010.) State Farm's questioning, in the depositions for the uninsured motorist arbitration, about the possible illegal ownership of the chiropractic practices that were billing State Farm falls

within this broad scope of discovery because it relates to, or could lead to discovery of evidence concerning, the veracity of the claims for medical bills.

In any event, since Lee fails to cite authority or tender a reasoned legal argument that the taking of the depositions was wrongful, apart from the ulterior motive alleged, he has abandoned the issue on appeal. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700 [46 Cal.Rptr.2d 119].) Lee has thus failed to bear his burden on appeal of showing that the trial court erred by concluding that he did not have a probability of prevailing on the merits of the abuse of process and dependent unfair business practices causes of action.

■ We therefore conclude that the trial court did not err in granting the anti-SLAPP motion.[3]

## II

### *Motion for Preliminary Injunction*

Lee moved in the trial court "for a preliminary injunction enjoining [the Toschi law firm] from representing State Farm and/or from using the ill gotten deposition transcripts in pretrial or trial proceedings in this matter . . . ." The trial court denied the motion, stating that "[t]he taking of the prior depositions is not a basis for disqualification or injunctive relief."

Lee contends in his opening brief on appeal that the trial court committed prejudicial error or an abuse of discretion in denying his motion for a preliminary injunction. At oral argument, Lee's counsel stated that this issue is moot and withdrew it.

In any event, Lee's reasoning in this regard is sparse to nonexistent. Essentially, he claims that the denial of injunctive relief was error "[f]or the same reasons stated . . . with regards to the anti-SLAPP motion to strike . . . ." Because we have found that Lee's contentions with respect to the anti-SLAPP motion are without merit, we likewise reject his contention that injunctive relief was improperly denied.

---

[3] In light of our conclusion that Lee failed to establish a probability of prevailing on the merits because he failed to present evidence of a willful act committed in a wrongful manner, we need not consider three additional bases on which the trial court relied in finding no probability of prevailing on the merits—(1) immunity under the litigation privilege, (2) failure to object to the deposition questions when asked, and (3) investigation of insurance fraud is protected by Insurance Code section 1871.

## DISPOSITION

The orders granting the motion to strike and denying the motion for a preliminary injunction are affirmed. The cross-defendants are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

Blease, Acting P. J., and Hull, J., concurred.