Filed 2/27/13  Franck v. Barrington CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| HERMAN FRANCK, | C070091 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201000081503CUBCGDS) |
| v. | |
| ROBERT BARRINGTON, | |
| Defendant and Respondent. | |

Plaintiff Herman Franck, an attorney, represented defendant Robert Barrington, and after Franck sued for unpaid fees, Barrington countersued.  The parties arbitrated the dispute, Barrington prevailed, and Franck, representing himself, now appeals from an order confirming the arbitral award.  Franck generally seeks review of the *merits* of the arbitral award.  But because Franck does not demonstrate that the arbitrator exceeded its powers, the trial court properly confirmed the arbitral award.  Accordingly, we shall affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1

Franck sued Barrington, seeking damages based on breach of written fee agreements authorizing Franck to prosecute three lawsuits, as follows: (1) *Barrington and Susan Adams v. Nocon*, (the "*Nocon*" case), (2) *Susan Adams v. Blum*, (the "*Blum*" case), and (3) *Susan Adams (as guardian ad litem for Shirley Adams) v. Triano*, (the "*Triano*" case). In breach of the fee agreements, Barrington discharged Franck, settled the *Nocon* case himself, and refused to honor Franck's attorney fee lien or pay Franck what he had earned in any of the cases. Two fee agreements were attached to the complaint, one for the *Nocon* case and one for the *Blum* and *Triano* cases, as well as another case that is not at issue in this appeal. In part, Franck alleged fraud, claiming Barrington misrepresented the value of certain firearms seized from him in the *Nocon* matter, misrepresented that he would honor the fee agreements, and misrepresented that the *Triano* and *Blum* fees would be paid out of the settlement or verdict in the *Nocon* matter, when Barrington never intended to honor his agreements.

Barrington cross-complained, in part alleging that Franck had agreed to represent Susan Adams in the *Nocon* litigation, but failed to obtain Barrington's informed consent to that dual representation, which created at least a potential conflict of interest. Barrington also alleged Franck failed to advise him of potential conflicts of interest as to the agreement to fund the *Triano* and *Blum* cases out of the *Nocon* case, that a lien held by Franck was invalid, and that Franck performed negligently in each of the cases.

The parties stipulated to binding arbitration.

On October 3, 2011, the arbitrator, retired Sacramento County Superior Court Judge Darrel Lewis, issued an amended decision, finding Barrington should recover $126,546.49 from Franck, and Franck should recover nothing.

The arbitral award recites that the hearing was held on two days, both parties testified, and an expert testified for Barrington on the issue of the "attorney standard of care and ethical and fiduciary duties of attorneys." Briefing and oral argument were

2

considered, but *at the request of both parties*, the arbitrator wrote his award "in summary fashion" in order to minimize the arbitration fees.

The arbitrator first found the *Blum* and *Triano* fee agreement to be *void* due to Franck's breach of an ethical rule. (Rules Prof. Conduct, rule 3-310(F)(3) ["A member shall not accept compensation for representing a client from one other than the client unless . . . . (3) The member obtains the client's informed written consent"].) The damages to Barrington for this breach were $1,100 in costs paid.

The arbitrator next found the *Nocon* agreement was *voidable* "for non-compliance with the rules of professional conduct and for failure to advise of potential conflicts of interest among the parties" to that suit, and that Barrington elected to void that agreement by "the filing of the complaint and answer to Franck's complaint[.]" Barrington had already paid $53,260 towards that agreement. Franck could not enforce the contingency provision of the agreement because he withdrew before the case settled. Franck did not prove fraud by Barrington.

The arbitrator found that in withdrawing from the *Nocon* case, Franck "made remarks or allegations that were unnecessary and potentially harmful to" Barrington, in that he advised Susan Adams that her claim was worth more than it really was, which created "a conflict of interest when it came time to settle the case." Barrington settled the *Nocon* case for $135,000, but it "could well have been tried to verdict by a competent attorney with a reasonable verdict of $200,000." The arbitrator *rejected* Barrington's claim that Franck had been negligent in representing Barrington.

Barrington was awarded the $200,000 he should have received in the *Nocon* case, plus $1,100 in costs, for a total of $201,100. The arbitrator subtracted what Barrington actually received in the *Nocon* case, $74,553.51, for a net award to Barrington of $126,546.49.

Barrington petitioned to confirm the award.

Franck opposed the petition, attacking the merits of the arbitral award, and also attaching a declaration purporting to state additional relevant facts, including his billings in the underlying cases.

The trial court confirmed the arbitral award, and Franck timely filed this appeal from the judgment.

## DISCUSSION

### I

#### *The Law*

After arbitration, "it is the general rule that, 'The merits of the controversy between the parties are not subject to judicial review.' [Citations.] More specifically, courts will not review the validity of the arbitrator's reasoning. [Citations.] Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award. [Citations.] [¶] Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 (*Moncharsh*).) A trial court "shall vacate" an arbitration award if the arbitrator exceeds its powers *and* "the award cannot be corrected without affecting the merits of the decision[.]" (Code Civ. Proc., § 1286.2, subd. (a)(4).) This can occur if the award "violates a well-defined public policy." (*Department of Personnel Administration v. California Correctional Peace Officers Assn.* (2007) 152 Cal.App.4th 1193, 1195 (*CCPOA*); see *Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443 (*Jordan*).) But, "with limited exceptions, 'an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.'" (*CCPOA*, *supra*, 152 Cal.App.4th at p. 1200.)

A trial court may vacate an award interpreting a contract if and only if it "rests on a 'completely irrational' construction of the contract [citations] or . . . amounts to an

'arbitrary remaking' of the contract[.]" (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376-377 (*AMD*).)

"In determining whether an arbitrator exceeded his powers, we review the trial court's decision de novo, but we must give substantial deference to the arbitrator's own assessment of his contractual authority. (*Jordan*, *supra*, 100 Cal.App.4th at pp. 443–444; see *AMD*, *supra*, 9 Cal.4th at p. 376, fn. 9.)

II

*Analysis of Franck's Contentions*

Franck heads a number of rambling attacks on the order confirming the arbitration award, but, at bottom, he merely challenges the *merits* of the arbitration award. We address each of his claims seriatim, although several appear to overlap.[1]

Franck first asserts it was an abuse of discretion for the arbitrator to find that settling a case worth $200,000 for $135,000 was "a breach of fiduciary duty," arguing such a settlement is within the "ballpark" of reasonableness. However, that portion of the arbitral award was assessing the amount of damages to Barrington, and did not find that the settlement of the underlying *Nocon* action was unreasonable. The arbitrator found Franck breached ethical rules about conflicts of interest, not his duty to represent Barrington competently. Whether Franck breached his ethical duties and the amount of damages Barrington suffered thereby are questions not subject to review. (See *Moncharsh*, *supra*, 3 Cal.4th at p. 11.)

Second, Franck contends the arbitrator abused its discretion because Franck is entitled to be paid for the reasonable value of his services, Barrington was unjustly

---

[1] In his briefing, Franck improperly states facts not supported by record references and facts not established as true by the arbitrator or by the trial court. We ignore all such inappropriate assertions. (See *Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 290-291 [failure to state facts fairly]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [failure to provide record citations].)

enriched by getting unpaid legal services, and this amounted to a punitive action against Franck. The authority cited by Franck does not support this view. *Arya Group, Inc. v. Cher* (2000) 77 Cal.App.4th 610 (*Arya Group*) involved a contractor's failure to obtain a written contract before building a home. It held that although illegal contracts generally are not enforced, in *some* cases a court may enforce an illegal contract to avoid unjust enrichment by one party. (*Arya Group, supra,* 77 Cal.App.4th at pp. 614-616.) That case arose on demurrer, and emphasized that whether the facts would support an exception to the general rule would have to be decided by trial or summary judgment. (*Arya Group, supra,* at pp. 615-616.) Therefore, at best Franck has shown that the arbitrator *might have chosen* to temper the award for equitable reasons, not that it *was compelled* to do so. As stated, "'an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.'" (*CCPOA*, *supra*, 152 Cal.App.4th at p. 1200.)[2]

Third, amplifying his claim that the award was punitive, Franck asserts the arbitral award "rises to the level of judicial enslavement by placing a duty on Mr. Franck to work for the benefit of Mr. Barrington with no pay." In the ensuing pages, Franck provides no direct authority for this outrageous argument. The point is forfeited for lack of coherent argument and authority. (See *State Farm Mutual Automobile Ins. Co. v. Lee* (2011) 193 Cal.App.4th 34, 41; *In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Further, while there

---

[2] Closer on point than *Arya Group* is *Chambers v. Kay* (2002) 29 Cal.4th 142 (*Chambers*), involving an attorney's fee-splitting agreement made without the written consent of the client (see Rules Prof. Conduct, rule 2-200). Our Supreme Court declined to apply quantum meruit to permit recovery under the illegal agreement. (*Chambers, supra,* 29 Cal.4th at pp. 158-162.) This shows the arbitrator's decision not to apply quantum meruit in *this* case was not irrational.

may be a reasoned debate about whether and the extent to which an attorney may be compelled to provide pro bono services (compare *Cunningham v. Superior Court* (1986) 177 Cal.App.3d 336 with *Williamson v. Vardeman* (8th Cir. 1982) 674 F.2d 1211, 1214), attorneys are often "deprived" of payment for *past* services rendered because of adverse rulings during arbitration or litigation. That is not slavery. (See *Moss v. Superior Court* (1998) 17 Cal.4th 396, 411 (*Moss*) ["Involuntary servitude is found only when a person is held to labor under conditions akin to peonage or slavery"]; *Wicks v. Southern Pacific Co.* (9th Cir. 1956) 231 F.2d 130, 138 ["The essence of slavery or involuntary servitude is that the worker must labor against his will"].)[3]

Fourth, Franck contends the arbitrator was wrong to find Barrington voided the *Nocon* contract because there was "zero evidence" to support such finding. But we do not have a transcript of the two-day arbitration hearing, so we do not know what evidence was introduced. Moreover, the parties requested a "summary" decision, to save the cost of paying the arbitrator to write a detailed decision. Thus, Franck has failed to supply an adequate record to assess his evidentiary claim, as in an appeal taken on a judgment roll, where we must presume the trier of fact had ample evidence to sustain its findings. (See *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.) In the absence of a record of the arbitration, Franck cannot establish that "zero evidence" was introduced on this or any other point.

_____

[3] Our Supreme Court has suggested that conditioning a law license on pro bono work is not involuntary servitude. (*Moss*, *supra*, 17 Cal.4th at p. 412, fn. 10, citing with approval *United States v. 30.64 Acres of Land* (9th Cir. 1986) 795 F.2d 796.) But Franck was not ordered perform further free services, the arbitrator merely found Barrington was not liable to pay for *past* services rendered, due to Franck's ethical breaches.

Fifth, Franck contends the trial court should have granted his cross-motion to vacate or modify the arbitration award. This replicates claims we have already rejected.

Sixth, Franck faults the trial court for stating that Franck had not raised the issue of quantum meruit during the arbitration. In a post-arbitration brief, captioned as a motion for a new trial or motion to vacate the arbitral award, buried in an argument about slavery, Franck quoted *Arya Group, supra*, 77 Cal.App.4th 610, to the effect that in compelling cases, illegal contracts may be enforced to avoid unjust enrichment. At best for Franck, this opaque reference shows the trial court's ruling confirming the arbitral award contains an error about whether he timely raised quantum meruit during the arbitration phase. But any such error clearly was harmless, because the trial court went on to hold, consistent with our earlier discussion, that whether to exercise equity and grant quantum meruit on these particular facts was a matter for the arbitrator to decide.

Seventh, Franck contends the damages award "clearly" is in error. He cites no authority and again states facts without citations to the record, and reiterates contentions we have already rejected. We therefore reject the claim.

### III

### *Frivolous Appeal*

This appeal borders on the frivolous, and at least partly falls on the wrong side of that border, because "any reasonable attorney would agree" that some--if not all--of Franck's claims lack any conceivable merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651.) However, although noting its frivolity, Barrington has not sought sanctions for a frivolous appeal, and we decline to issue an order to show cause on our own motion. Nonetheless, we caution attorney Herman Franck to avoid making frivolous arguments in this court in the future.

## DISPOSITION

The judgment is affirmed.  Franck shall pay Barrington's costs on appeal.  (Cal. Rules of Court, rule 8.278.)

                                                                             DUARTE              , J.

We concur:

_____BLEASE_____, Acting P. J.

_____ROBIE_____, J.