Filed 5/17/13  Chamat v. Latham & Watkins CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MAURICIO CHAMAT,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LATHAM & WATKINS LLP,<br><br>    Defendant and Respondent. | D061201<br><br><br><br>(Super. Ct. No. 37-2011-00078536-<br>CU-MC-SC) |

APPEAL from a judgment of the Superior Court of San Diego County, William S. Cannon, Judge.  Affirmed.

Mauricio Chamat, in pro. per., for Plaintiff and Appellant.

Latham & Watkins and Robert J. Ellison for Defendant and Respondent.

Defendant Latham & Watkins LLP (Latham) deposed plaintiff Mauricio Chamat as a third party witness on behalf of its client Precision Development, LLC (Precision) in an accounting and real estate action filed by Precision against Yuri and Natalia Plyam (the Pylams) in the Superior Court of Los Angeles County.  Judgment was entered in favor of Precision and against the Pylams in the amount of $10.3 million.

In this action, Chamat sues Precision for "abuse of process" seeking, based upon his deposition testimony, a share of Precision's $10.3 million judgment. Precision demurred to the complaint, and the court sustained the demurrer without leave to amend, finding that because Chamat was deposed as a percipient witness, he was not entitled to any compensation for his deposition testimony.

On appeal, Chamat, again acting in propria person, asserts (1) he has ownership rights in his work papers; (2) owed no duty to Precision in the underlying action; (3) Latham misrepresented that he was a servant of Latham in the underlying case; (4) Latham misrepresented that he performed accounting services instead of an audit; (5) Latham admitted that misrepresentation in court; and (6) the legal standard for sustaining a demurrer was not met. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A. *March 2009 Subpoena and Deposition*

Before the underlying litigation between Precision and the Pylams was instituted, Chamat performed an audit of the books and records of Castle Trading, a company owned by the Pylams. In March 2009 Precision issued a deposition subpoena for Chamat to appear for a deposition and to produce certain documents in his possession. At the deposition, a Latham employee copied the documents Chamat produced and returned them to Chamat.

At his March 2009 deposition, Chamat refused to answer questions and refused to produce certain documents related to the 2004 and 2005 Castle Trading audits. Precision brought a motion to compel and the court granted the motion, ordering Chamat to (1) pay

2

sanctions for his refusal to answer and to produce documents, (2) appear for a deposition to answer questions he previously refused to answer, and (3) produce documents he previously refused to produce.

B. *2010 Trial Subpoena*

Trial was originally scheduled for June 2010. Precision subpoenaed Chamat to appear and testify at trial, but Chamat communicated his intent to refuse to testify. Precision then sought a bench warrant to compel Chamat's attendance at trial.

In February 2010 Precision reached an agreement with Chamat, with Precision agreeing to withdraw its motion seeking a bench warrant and to not collect the sanctions imposed by the court, in exchange for Chamat's agreement to appear and testify at trial.

The June 2010 trial was then postponed to March 2011.

C. *2011 Trial Subpoena*

In February 2011 Precision subpoenaed Chamat to appear on March 21, 2011, as a trial witness. Latham thereafter advised Chamat that instead of appearing specifically on March 21, 2011, he would be on call. Ultimately, Chamat was not called to testify at trial.

D. *Procedural Background*

In August 2011 Chamat filed his first amended complaint (the operative pleading in this action) against Latham. In that complaint Chamat sought a proportionate share of the $10.3 million judgment obtained by Precision based upon Latham's alleged use of his work papers and deposition testimony in that action. He nevertheless contends in the

3

complaint that he should have been retained and paid as an expert and that, by not doing so, Latham committed abuse of process.

On October 11, 2011, Latham filed a demurrer to Chamat's complaint. On November 18, 2011, the trial court sustained without leave to amend Latham's demurrer to Chamat's sole cause of action for abuse of process. The court further explained that Latham "merely sought to obtain information" from Chamat as authorized by the Code of Civil Procedure. The court also stated that "[e]ngaging in discovery as authorized by law does not give rise to a claim for abuse of process."

The court further explained that Chamat's contention that he was an "expert" witness "is based on a misunderstanding of the term as it is used in the discovery context." The court found that Chamat was never designated as an expert by any party in the Precision action, but was deposed as a percipient witness and therefore "[was] not entitled to any compensation beyond the statutory witness fees and transportation costs."

DISCUSSION

I. *STANDARD OF REVIEW*

A demurrer will be sustained when, accepting plaintiff's allegations as true, there is no liability as a matter of law. (See Code Civ. Proc., § 430.10(e); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) While courts give the complaint a "reasonable interpretation," they do not assume the truth of "contentions, deductions or conclusions of fact or law." (*Blank*, at p. 318.) In addition, "[t]he complaint should be read as containing the judicially noticeable facts, 'even when the pleading contains an express

4

allegation to the contrary.'" (*Cantu v. Resolution Trust* Corp. (1992) 4 Cal.App.4th 857, 877.)

## II. *ANALYSIS*

A defendant may be subject to liability for abuse of process only if he or she "(1) entertained an ulterior motive in using the [judicial process], and (2) committed a willful act in a wrongful manner." (*State Farm Mutual Automobile Ins. Co. v. Lee* (2011) 193 Cal.App.4th 34, 40 [no abuse of process where plaintiff engaged in discovery as authorized by law even if he had an ulterior motive]; *Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 792 [no abuse of process where defendant filed a meritless appeal solely for the benefit of delay or to coerce the plaintiff into settling because appealing from the judgment was authorized by law].)

"'Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion.'" (*Spellens v. Spellens* (1957) 49 Cal.2d 210, 232, italics omitted.) "'The purpose for which the process is used, once it is issued, is the only thing of importance.'" (*Ibid.*)

Nowhere in the complaint does Chamat allege that Latham had an improper purpose in undertaking any of the lawful acts he identifies. Chamat's complaint only

5

asserts Latham engaged in discovery allowed by the law. Accordingly, the court did not err in sustaining Latham's demurrer without leave to amend. Engaging in discovery as authorized by law does not give rise to a claim for abuse of process. (*State Farm Mutual Augomobile Ins. Co. v. Lee, supra,* 193 Cal.App.4th at p. 40.)[1]

## DISPOSITION

The judgment is affirmed. Latham shall recover its costs on appeal.

NARES, Acting P. J.

WE CONCUR:

McINTYRE, J.

AARON, J.

---

[1] Based on our holding, we need not address Latham's contention that Chamat's action is barred by the statute of limitations.