[No. H004512. Sixth Dist. Aug. 30, 1989.]

EVAN WRIGHT et al., Plaintiffs and Respondents, v.
CITY OF SANTA CLARA, Defendant and Appellant.

COUNSEL

Edwin J. Moore, City Attorney, Michael Downey and Roland D. Pfeifer, Assistant City Attorneys, for Defendant and Appellant.

William Holley, Edward Mahler and McManis & Holley for Plaintiffs and Respondents.

**OPINION**

**CAPACCIOLI, Acting P. J.**—In an action for declaratory relief, the trial court rendered a judgment which declared that defendant City of Santa Clara (City) exceeded its authority by enacting an ordinance which incorporated provisions of an agreement with its police officers association. The agreement stipulated that when an employee must take temporary military leave he may not receive duplication of pay and must therefore turn over salaries paid by the military service or take approved time off in order to collect regular salary from City.[1] The basis of the judgment was that the ordinance was inconsistent with Military and Veterans Code section 395.01.[2] ■■ City's contention is that Government Code section 3500 et seq. permits a labor agreement to waive the benefits of section 395.01. We disagree and affirm the judgment.

■■ "Questions of statutory interpretation are, of course, pure matters of law upon which we may exercise our independent judgment. [Citations.] ■■ Our purpose in interpreting statutes is to discern the intent of the Legislature. [Citation.]" (*Jones* v. *Pierce* (1988) 199 Cal.App.3d 736, 741 [245 Cal.Rptr. 149].)

Plaintiffs are police officers employed by City. Evan Wright is a member of the United States Coast Guard Reserve. Robert Keyarts is a member of the Air Force Reserve. Each is required to be on active duty for two consecutive weeks per year. Section 395 entitles a public employee to a temporary military leave of absence for this purpose. Section 395.01, subdivision (a), entitles one on such leave to receive his full salary or compensation as a public employee.

■■ There is no basis in law for a policy of requiring a public employee to turn over his military paycheck as a condition of receiving the pay to which he is entitled under section 395.01. (*Bowers* v. *City of San Buenaventura* (1977) 75 Cal.App.3d 65, 72 [142 Cal.Rptr. 35].) It is the policy of this state to encourage public employees to participate in military training and the Legislature could reasonably conclude that this policy could be fostered by permitting a public employee to receive temporary military leave with pay. (*Id.* at pp. 70-71.)

However, in this case, the Santa Clara Police Association, representing City's police officers, agreed to the turn-over proviso as part of a memoran-

---

[1] It was City's policy not to require payment of military salary attributable to days which would otherwise be scheduled days off.

[2] All further statutory references are to the Military and Veterans Code unless otherwise specified.

dum of understanding with City. The provision became binding upon the parties after the city council approved the memorandum by enacting an ordinance known as Personnel Salary Resolution Number 4652. (Gov. Code, § 3505.1.)

Chapter 10 of division 4, of title 1 of the Government Code promotes "full communication between public employers and their employees by providing a reasonable method of resolving disputes regarding wages, hours, and other terms and conditions of employment between public employers and public employee organizations." (Gov. Code, § 3500.) Public employees have the right to form, join, and participate in the activities of employee organizations for the purpose of representation on all matters of employer-employee relations. (Gov. Code, § 3502.) The scope of such representation "shall include all matters relating to employment conditions and employer-employee relations, including, but not limited to, wages, hours, and other terms and conditions of employment . . . ." (Gov. Code, § 3504.) A public employer has the obligation to meet and confer with representatives of a recognized employee organization in order to reach an agreement on matters within the scope of representation. (Gov. Code, § 3505.)

Generally, a collective bargaining agreement may not waive statutory rights which arise from an extraordinarily strong and explicit state policy. (*Phillips* v. *State Personnel Bd.* (1986) 184 Cal.App.3d 651, 659-660 [229 Cal.Rptr. 502].) City argues that the right under section 395.01 does not emanate from a state policy of this magnitude. It maintains that the policy of promoting agreement between a public employer and its employees as to terms and conditions of employment is as strong and explicit as the policy of encouraging public employees to participate in military training. City concludes that the right under section 395.01 can be waived in the manner agreed by plaintiffs' representative.

The Legislature, however, has evinced a contrary intent.

The right conferred by subdivision (a) of section 395.01 is not one which has been generally stated by the Legislature. The Legislature specifically qualified the right by subdivision (b) of section 395.01. Subdivision (b) provides, in relevant part: "If the provisions of this section are in conflict with the provisions of a memorandum of understanding reached pursuant to Chapter 12 (commencing with Section 3560) of Division 4, of Title 1 of the Government Code, the memorandum of understanding shall be controlling without further legislative action . . . ."

Chapter 12 of division 4, of title 1 of the Government Code does not pertain to relations between public employers and their employees, but to

relations between public institutions of higher education and their employees. Thus, the Legislature has specifically authorized a waiver of the right conferred by subdivision (a) of section 395.01 by employees of public institutions of higher education.

■ "A 'familiar rule of construction is that where a statute enumerates things upon which it is to operate it is to be construed as excluding from its effect all those not expressly mentioned.' [Citations.]" (*Capistrano Union High School Dist.* v. *Capistrano Beach Acreage Co.* (1961) 188 Cal.App.2d 612, 617 [10 Cal.Rptr. 750, 92 A.L.R.2d 349].) ■ Courts are "exceedingly reluctant to attach an interpretation to a particular statute which renders other existing provisions unnecessary." (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)

■ Since the Legislature expressly mentions employees of public institutions of higher education as employees who may enter into a memorandum of understanding which conflicts with section 395.01, subdivision (a), we construe the statute to mean that other public employees may not agree to a condition of employment in conflict with section 395.01, subdivision (a). A contrary interpretation renders subdivision (b) of this section meaningless. (Cf. *People* v. *Luu* (1989) 209 Cal.App.3d 1399, 1405 [258 Cal.Rptr. 10].)

The judgment is affirmed.

Premo, J., and Elia, J., concurred.