Filed 3/1/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MOHAMMED HANIFF,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>    Respondent;<br><br>JAMES HOHMAN et al.,<br><br>    Real Parties in Interest. | H043345<br>(Santa Clara County<br>Super. Ct. No. 2013-1-CV252992) |

## I.  INTRODUCTION

Petitioner Mohammed Haniff was seriously injured during a motor vehicle accident that occurred while he was working as a package delivery truck driver on the Stanford University campus in 2012.  He has not returned to work since the date of the accident.

In 2013 Haniff brought a personal injury action against three defendants:  James Hohman, the driver of the other vehicle involved in the accident; Moonhee Kim, the alleged owner of the other vehicle involved in the accident; and Stanford University.  During the course of discovery, real parties in interest Hohman and Kim filed a motion for an order compelling Haniff to undergo a vocational rehabilitation examination by their vocational expert.  The trial court granted the motion in its February 18, 2016 order.

Haniff challenged the order by filing a petition for writ of mandate in this court. In his petition, Haniff argues that the trial court abused its discretion because a defense vocational rehabilitation examination is not one of the six methods of civil discovery expressly authorized by the Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.)[1] For the reasons stated below, we agree. The contention that a defense vocational rehabilitation examination should be an available discovery method as a matter of fundamental fairness where the plaintiff seeks compensatory damages for wage loss and loss of earning capacity is better addressed to the Legislature. (See, e.g., *Emerson Electric Co. v. Superior Court* (1997) 16 Cal.4th 1101, 1109 (*Emerson Electric*).)

We will therefore issue a peremptory writ of mandate directing the trial court to vacate its February 18, 2016 order and to enter a new order denying the motion for an order compelling Haniff to undergo a vocational rehabilitation examination.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Haniff was employed by OnTrac-CA as a package delivery truck driver when he was injured in a motor vehicle accident on November 14, 2012. The accident occurred while Haniff was unloading packages from his parked truck on the campus of Stanford University. According to Haniff, an automobile owned by Kim and parked by Hohman, a Stanford University employee, rolled down a hill and struck Haniff. As a result of the accident, Haniff sustained multiple fractures of his right femur and pelvis and underwent surgery. He has not returned to work since the date of the accident.

In September 2013 Haniff filed a personal injury complaint naming Hohman and Kim as defendants. The record reflects that the complaint was later amended to add Stanford University as a defendant. Haniff seeks compensatory damages for, among other things, wage loss and loss of earning capacity.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

Haniff was examined by an orthopedic surgeon, Curtis P. Comstock, M.D., at the request of Stanford University.  In his October 26, 2015 report, Dr. Comstock stated his opinions that Haniff's fractures had healed and, although Haniff had not returned to work since the accident, there was "no medical contraindication" to Haniff obtaining gainful employment.

## A.  *The Motion to Compel a Vocational Rehabilitation Examination*

In September 2015 defendants Hohman and Kim served a "demand for vocational rehabilitation examination" on Haniff.  The demand stated that the examination would be conducted on October 15, 2015, by Gregory Sells, a vocational rehabilitation counselor, and would consist of the following:  "[A]n interview and administration of written examination, including interest testing and aptitude testing to examine plaintiff with respect to his employment history, prospects and interests.  Plaintiff MOHAMMED HANIFF should allow 2 hours for the examination."  Haniff objected to the demand for a vocational rehabilitation examination on the ground, as stated in his meet and confer letter, that the Code of Civil Procedure did not authorize a defense vocational rehabilitation examination.

In January 2016 defendants Hohman and Kim filed a motion for an order compelling Haniff to undergo a vocational rehabilitation examination.  In support of their motion, they argued that good cause existed for a defense vocational rehabilitation examination because Haniff had claimed he was unable to hold gainful employment and had made "extensive" wage loss and loss of earning capacity claims.  Hohman and Kim also argued that authority for a vocational rehabilitation examination was provided by "the broad discovery authority" of section 2017.010;[2] the inherent authority of the court

---

[2] Section 2017.010 provides:  "Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the (continued)

3

to allow a defense vocational rehabilitation examination in order to avoid injustice; and the persuasive decisions of other jurisdictions in which a defense vocational rehabilitation examination is allowed.

Haniff opposed the motion to compel him to undergo a vocational rehabilitation examination, arguing that there was no provision in the Civil Discovery Act (§ 2016.010 et seq.) that would permit a defendant to obtain an oral examination of a plaintiff by a vocational rehabilitation expert. He relied on the decision in *Browne v. Superior Court* (1979) 98 Cal.App.3d 610 (*Browne*) for the proposition that the trial court cannot compel a vocational rehabilitation examination by an unlicensed expert because that method of discovery has no statutory authorization. In addition, Haniff argued that defendants had not shown good cause for a defense vocational rehabilitation examination because they could review his vocational rehabilitation expert's notes and records and cross-examine the expert at trial.

### B. *The Trial Court's Order*

The trial court granted the motion to compel Haniff to undergo a vocational rehabilitation examination in its February 18, 2016 order. During the hearing on the motion, the court stated that the decision in *Browne*, *supra*, 98 Cal.App.3d 610 did not control because it was distinguishable. The court was also concerned about due process, stating: "[I]t's fundamentally unfair for the plaintiffs to have to rely solely on your voc rehab [*sic*] expert . . . the defendants should be given an opportunity to hire their own expert to conduct the voc rehab [*sic*] examination the way that person wants to do it.

---

determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. Discovery may relate to the claim or defense of the party seeking discovery or of any other party to the action. Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter, as well as of the existence, description, nature, custody, condition, and location of any document, electronically stored information, tangible thing, or land or other property."

4

There could be apples and oranges between the way the two voc rehab [*sic*] experts administer their exam[s]. So it was a concern of mine."

**C.** *Petition for Writ of Mandate*

Haniff filed a petition for writ of mandate in which he sought a writ commanding the trial court to vacate its order compelling him to undergo a vocational rehabilitation examination. He also requested a temporary stay of the trial court's February 18, 2016 order. This court issued a temporary stay and an order to show cause why a peremptory writ should not issue as requested in the petition for writ of mandate, and afforded the parties the opportunity for further briefing and oral argument.

### III. DISCUSSION

**A.** *Availability of Writ Review*

Writ review of discovery orders is rarely granted unless the discovery order may undermine a privilege, or it is necessary to answer questions of first impression. (*Oceanside Union School Dist. v. Superior Court* (1962) 58 Cal.2d 180, 185-186; *Raytheon Co. v. Superior Court* (1989) 208 Cal.App.3d 683, 686. Thus, "[w]rit review is . . . appropriate to address 'questions of first impression that are of general importance to the trial courts and to the [legal] profession, and where general guidelines can be laid down for future cases.' " (*People v. Superior Court* (*Mouchaourab*) (2000) 78 Cal.App.4th 403, 413; *Toshiba America Electronic Components v. Superior Court* (2004) 124 Cal.App.4th 762, 767 [same].)

In this case, writ review is appropriate to address a question of general importance in personal injury cases involving claims for wage loss and loss of earning capacity: Whether the trial court may compel the plaintiff to undergo a defense vocational rehabilitation examination although that is not one of the methods of discovery expressly authorized in the Civil Discovery Act (§ 2016.010 et seq.).

5

**B.** *Standard of Review*

"The standard of review generally applicable to review of discovery orders is abuse of discretion, as management of discovery lies within the sound discretion of the trial court. [Citations.]" (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123 (*Britts*).) "In particular, the abuse of discretion standard of review ordinarily applies to review of an order on a motion to compel discovery [citation]." (*Ibid*.)

However, " '[t]he discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown.' [Citations.] 'The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action . . . ." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion. [Citation.]' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 (*Sargon*).)

Statutory interpretation involves purely legal questions to which we apply the independent standard of review. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) Thus, "where the propriety of a discovery order turns on statutory interpretation, an appellate court may determine the issue de novo as a question of law. [Citation.]" (*Britts*, *supra*, 145 Cal.App.4th at p. 1123.)

**C.** *Analysis*

Haniff's primary argument is that writ relief is necessary to correct the trial court's abuse of discretion in ordering him to undergo a defense vocational rehabilitation examination, which he asserts is not one of the methods of civil discovery authorized by section 2019.010. We will begin our analysis with an overview of the statutory limits on discovery.

6

## 1. Statutory Limits on Discovery

"[A]fter the adoption of the 1957 statutes dealing with civil discovery, our courts lack the power to order discovery beyond that permitted by the statutes. [Citations.]" (*Cruz v. Superior Court* (2004) 121 Cal.App.4th 646, 650 (*Cruz*) [former section 2032, subdivision (a) establishes only three statutory categories of persons who are subject to physical examination]; see also *Roe v. Superior Court* (2015) 243 Cal.App.4th 138, 144 (*Roe*) [section 2032.020 establishes only three categories of persons subject to mental examination]; *Holm v. Superior Court* (1986) 187 Cal.App.3d 1241, 1248 [discovery statutes do not provide for exhumation of human remains]; *Volkswagenwerk Aktiengesellschaft v. Superior Court* (1981) 123 Cal.App.3d 840, 849 [allowing informal interviews of defendant's employees would extend the Discovery Act beyond its statutory text]; *Bailey v. Superior Court* (1977) 19 Cal.3d 970, 974 (*Bailey*) [former section 2019, subdivision (e) did not provide for videotaping of depositions]; *Edmiston v. Superior Court* (1978) 22 Cal.3d 699, 702 [former § 2032, subd. (b)(1) did not authorize videotaping a medical examination because only a written report was expressly authorized].)

The California Supreme Court's decision in *Emerson Electric*, *supra*, 16 Cal.4th 1101 also indicates that civil discovery cannot be expanded beyond the statutory limits. Referring to its prior decision in *Bailey*, *supra*, 19 Cal.3d 970, the court stated: "We concluded [in *Bailey*] that the Code of Civil Procedure did not permit videotaped depositions without the mutual consent of the parties. [Citation.] We emphasized that '[w]hether this court believes videotaping is as reliable as, or more advantageous than, the traditional means of recording a deposition is not the issue.' [Citation.] We explained that it was for the Legislature to determine whether methods of recording and reporting depositions other than stenographic and written transcriptions should be authorized. [Citation.] By amending the discovery statutes to permit videotaped

7

depositions, the Legislature expressly so determined." (*Emerson Electric*, *supra*, at p. 1109.)

A defendant's demand for a vocational rehabilitation examination of the plaintiff was addressed in *Browne*, *supra*, 98 Cal.App. 3d 610, where the appellate court determined that the demand exceeded the statutory limits. In *Browne*, the plaintiff claimed future wage loss due to his injuries in a automobile-motorcycle accident. (*Id*. at p. 612.) The defendants filed a motion to compel the plaintiff to submit to an interview and physical examination and/or testing by a vocational rehabilitation expert who was not a licensed physician. (*Id*. at pp. 612-613, 615.) The defendants argued that a vocational rehabilitation examination was authorized under former section 2032, subdivision (a),[3] which provided for a physical examination by a physician where the party's mental or physical condition was at issue. (*Id*. at pp. 612-613.) The *Browne* court concluded that the trial court had abused its discretion in granting the motion, as follows: "To read into the governing statute authority to conduct a physical examination by a nonphysician would subvert the express legislative policy that such physical examinations be conducted only by a physician . . . . [Citations.] [¶] Since the proposed examiner is neither a licensed physician nor surgeon, no affirmative legislative authority exists for the ordered physical examination of petitioner. [Citation.]" (*Id*. at p. 615.) The court concluded that "[w]hether such an examination by a qualified vocational rehabilitation

---

[3] Former section 2032, subdivision (a) provided in pertinent part: "In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

8

counselor should be permitted in the first instance is a matter for the Legislature to determine and not the courts.  [Citation.]"  (*Id*. at p. 616.)

Since it is well established that California courts lack the power to order civil discovery by a method that is not authorized by the Code of Civil Procedure (see, e.g., *Cruz, supra*, 121 Cal.App.4th at p. 650), we next consider whether section 2019.010 may be construed to authorize a vocational rehabilitation examination as a method of civil discovery.

### 2.  Section 2019.010

Section 2019.010 sets forth six methods of civil discovery:  "Any party may obtain discovery by one or more of the following methods:  [¶]  (a) Oral and written depositions. [¶]  (b) Interrogatories to a party.  [¶]  (c) Inspections of documents, things, and places. [¶]  (d) Physical and mental examinations.  [¶]  (e) Requests for admissions.  [¶] (f) Simultaneous exchanges of expert trial witness information."

To determine whether section 2019.010 may be construed to authorize a vocational rehabilitation examination as a method of civil discovery, we apply the well established rules of statutory interpretation.  "[O]ur fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute.  [Citation.]  We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.]  The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." '  [Citation.]"  (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 (*Smith*).)

"In other words, ' "we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' [Citation.]  If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history.  [Citation.]  In such circumstances, we choose

the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the statute's general purpose, and avoiding a construction that would lead to absurd consequences.  [Citation.]"  (*Smith*, *supra*, 39 Cal.4th at p. 83.)

Following these rules, we first examine the statutory language in question.  The plain language of section 2019.010 expressly authorizes only six specific methods of discovery:  (1) oral and written depositions; (2) interrogatories to a party; (3) inspections of documents, things, and places; (4) physical and mental examinations; (5) requests for admissions; and (6) simultaneous exchanges of expert trial witness information.  On its face, section 2019.010 does not provide that a vocational rehabilitation examination is one of the permitted methods of discovery.  Section 2019.010 also lacks a provision authorizing the trial courts to compel a party to submit to a method of discovery not expressly permitted in the statute.

Two additional rules of statutory interpretation also aid our interpretation of section 2019.010.  First, " '[a] "familiar rule of construction is that where a statute enumerates things upon which it is to operate it is to be construed as excluding from its effect all those not expressly mentioned." [Citations.]' [Citation.]"  (*Wright v. City of Santa Clara* (1989) 213 Cal.App.3d 1503, 1507.)  Under this rule of statutory interpretation, a vocational rehabilitation examination is excluded as a method of discovery since a vocational rehabilitation examination is not one of the discovery methods enumerated in section 2019.010.

Second, " 'insert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes.  [Citations.]" (*People v. Guzman* (2005) 35 Cal.4th 577, 587 (*Guzman*).)  " 'This rule has been codified in California as [Code of Civil Procedure] section 1858, which provides that a court must not  "insert what has been omitted" from a statute.' [Citation.]"  (*Ibid*.)  In other words, " ' "[t]his court has no power to rewrite the statute so as to make it conform to a

10

presumed intention which is not expressed." [Citations.]' [Citation.]" (*Roe*, *supra*, 243 Cal.App.4th at p. 144.)  Under this rule of statutory construction, we may not construe section 2019.010 to authorize a vocational rehabilitation examination or to authorize the trial court to compel a party to undergo a method of civil discovery not expressly mentioned in the statute.  Such a construction would improperly add provisions to the statute.  (See *Guzman*, *supra*, 35 Cal.4th at p. 587.)

We may also " 'examine the history and background of the statutory provision in order to ascertain the most reasonable interpretation of the measure.' [Citation.]" (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 543.)  Even where, as here, " 'the plain language of the statute dictates the result,' " the legislative history may provide additional authority confirming the court's interpretation of the statute.  (*Id.* at p. 544.)  Having reviewed the available legislative history of section 2019.010, we find it confirms our plain language interpretation of the statute.

Section 2019.010 was enacted as part of the 2004 Civil Discovery Act and continued former section 2019, subdivision (a)[4] without change.  (Stats. 2004, ch. 182, § 23; Recommendation:  Civil Discovery:  Nonsubstantive Reform (Sept. 2003) 33 Cal. Law Revision Com. Rep. (2003) p. 823.)  Former section 2019, subdivision (a) was enacted as part of the Civil Discovery Act of 1986, which was a comprehensive revision of the law governing discovery in civil cases.  (Stats. 1986, ch. 1334, § 2; see *Toyota Motor Corp. v. Superior Court* (2011) 197 Cal.App.4th 1107, 1119.)  The 2004 Civil Discovery Act "reorganized and renumbered the provisions of the Civil Discovery Act of 1986, but the 2004 Act was not intended to effect any substantive changes in the law.

---

[4] Former section 2019, subdivision (a) provided:  "(a) Any party may obtain discovery by one or more of the following methods:  [¶]  (1) Oral and written depositions. [¶]  (2) Interrogatories to a party.  [¶]  (3) Inspections of documents, things, and places. [¶]  (4) Physical and mental examinations.  [¶]  (5) Requests for admissions.  [¶] (6) Simultaneous exchanges of expert trial witness information."

11

(Stats. 2004, ch. 182, § 61 ['Nothing in this act is intended to substantively change the law of civil discovery'].)" (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 396, fn. 2.)

The legislative history for former section 2019 includes, for example, the Assembly third reading analysis of Assembly Bill No. 169, as amended on January 25, 1986, which notes that this bill "[a]*uthorizes* discovery by**:**  (a) depositions, (b) interrogatories, (c) demands for inspection of documents, things and places (hereinafter 'demands for inspection'), (d) physical and mental examinations; (e) requests for admission and (f) exchanges of expert trial witness information."  (Assem. Bill No. 169, 3d reading, as amended Jan. 8, 1986, p. 1, italics added.)  Other committee reports are essentially the same.  (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 169 (1985–1986 Reg. Sess.) as amended Aug. 25, 1986, p. 2.)  The legislative history therefore indicates that the Legislature intended to authorize only the six methods of civil discovery enumerated in former section 2019, subdivision (a) and continued as section 2019.010 without change.  There is no indication that the Legislature intended to either authorize a vocational rehabilitation examination as a method of civil discovery or authorize the trial court to compel a party to submit to a method of civil discovery not expressly enumerated in the statute.

We therefore determine under the rules of statutory interpretation that section 2019.010 does not authorize a defense vocational rehabilitation examination, since that is not one of the methods of discovery enumerated in the statute.  Accordingly, the trial court acted outside the scope of the court's discretion when it ordered Haniff to undergo a vocational rehabilitation examination.  (See *Sargon*, *supra*, 55 Cal.4th at p. 773.)  Our determination is consistent with other appellate decisions that have addressed the statutory limits on discovery (see, e.g., *Roe*, *supra*, 243 Cal.App.4th at p. 144).

Hohman and Kim argue to the contrary that the trial court did not abuse its discretion by expanding discovery beyond its statutory limits, for several reasons. To begin with, Hohman and Kim argue that there is good cause for a nonphysical vocational rehabilitation examination because Haniff has claimed he cannot work despite Dr. Comstock's finding that there is no medical reason barring Haniff from obtaining gainful employment. Hohman and Kim rely on the decision in *Johnston v. Southern Pacific Co.* (1907) 150 Cal. 535 (*Johnston*) for the proposition that the trial court has the inherent power to allow the defendant's expert to examine the plaintiff, in order to counter the plaintiff's expert and to allow the defendant to prepare for trial. They also argue that a defense vocational rehabilitation examination is proper because their expert should have equal access to Haniff as a matter of due process.

We do not find these arguments persuasive. Hohman and Kim have provided no authority for the proposition that the Legislature's statutory limits on the methods of discovery, as set forth in section 2019.010, may be violative of the constitutional right to due process. Further, as stated in *Browne*, denial of a defense vocational rehabilitation examination "does not leave [the defendants] in a fundamentally unfair or unpreferred position at trial." (*Browne*, *supra*, 98 Cal.App.3d at p. 616, fn. 4.) In *Browne*, the defendants were "afforded access to all of the notes and records of the examination of petitioner conducted by the state vocational rehabilitation counselor, augmented by the latter's deposition; that examiner, if called, will be subject to thorough cross-examination by real parties aided by a comparable professional counselor, if desired. [Citation.]" (*Ibid.*)

Moreover, the 1907 decision in *Johnston* has no application here. The *Johnston* court ruled that the trial court had the inherent power to compel a personal injury plaintiff to undergo to a defense physical examination in the absence of a controlling statute. (*Johnston*, *supra*, 150 Cal. at pp. 541-542.) *Johnston* was obviously decided prior to the

13

1957 enactment of former section 2032, which provided statutory authority for physical and mental examinations in California. (Stats. 1957, ch. 1904, § 3.)

### 3. *Lee v. Superior Court*

Hohman and Kim also contend that the appellate court in *Lee v. Superior Court* (2009) 177 Cal.App.4th 1108 (*Lee*) rejected the argument that section 2019.010 provides an exclusive list of discovery methods in civil cases.

*Lee* concerned the scope of discovery in a civil commitment proceeding under the Sexually Violent Predators Act (SVPA; Welf. & Inst. Code, § 6600 et seq.). In the SPVA proceeding at issue in *Lee*, the district attorney had issued subpoenas duces tecum that sought the defendants' medical and psychological records. (*Lee*, *supra*, 177 Cal.App.4th at p. 1112.) The primary issue on appeal was the appropriate use of a subpoena duces tecum in an SVPA proceeding in light of the Welfare and Institutions Code section 6603, subdivision (c)(1) provision for automatic disclosure of certain medical and psychological records. (*Lee*, *supra*, at p. 1125.)

The *Lee* court determined that the subpoenas duces tecum issued by the district attorney were ineffective in the absence of a declaration containing a sufficient statement of materiality, as required by section 1985, subdivision (b). (*Lee*, *supra*, 177 Cal.App.4th at p. 1112.) Additionally, the court determined that the district attorney's access to certain medical and psychological records was not dependent upon the issuance of a subpoena duces tecum. (*Id.* at p. 1129.) The court stated: "Defendants do not contend that a subpoena duces tecum is not an available discovery method in SVPA proceedings. We have not found any legal authority limiting the availability of civil discovery methods in SVPA proceedings, and there is no analytical basis for concluding subpoenas duces tecum are not available in such proceedings." (*Id*. p. 1124, fn. omitted.) The court rejected the defendants' argument that section 2019.010 barred the disclosure of their confidential health information, determining that the SVPA, at Welfare and Institutions

14

Code section 6603, subdivision (c)(1), "directly authorizes a district attorney to obtain certain confidential health information." (*Lee, supra,* at p. 1136.)

The decision in *Lee* therefore specifically concerned the district attorney's authority under Welfare and Institutions Code section 6603, subdivision (c)(1) to obtain a defendant's medical and psychological records in a SPVA proceeding. The *Lee* court did not address the methods of civil discovery that are available under section 2019.010 in a personal injury case, such as the case at bar. " ' "It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." [Citation.]' [Citation.]" (*May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1335.)

### 4. Section 2017.010

Alternatively, Hohman and Kim contend that a defense vocational rehabilitation examination is authorized under section 2017.010, which provides in part: "Unless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." Hohman and Kim assert that under section 2017.010 they are entitled to a defense vocational rehabilitation examination in order to obtain relevant information "regarding what jobs [Haniff] is qualified to perform and how much he could earn."

Haniff responds that section 2017.010 does not apply because that section "concerns the *scope of discovery*, whereas . . . section 2019.010 identifies the *methods of discovery* . . . ." We agree. Section 2017.010 has been construed to authorize discovery of information that is relevant because "it 'might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement. . . .' [Citation.] Admissibility is not the test and information unless privileged, is discoverable if it might reasonably lead

15

to admissible evidence.  [Citation.]" (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 591.)

Thus, section 2017.010 governs the scope of the information that may be sought by the various methods of discovery, which is a broad but not unlimited scope.  (See, e.g., *State Farm Mutual Automobile Ins. Co. v. Lee* (2011) 193 Cal.App.4th 34, 40-41 [deposition questions fell within broad scope of discovery]; *John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1186 [limiting scope of special interrogatories, requests for admission, and subpoenas duces tecum seeking information about the defendant's sexual history and HIV status]; *Seahaus La Jolla Owners Assn. v. Superior Court* (2014) 224 Cal.App.4th 754, 763 [whether individual homeowners could be deposed about their litigation meetings with their homeowners' association's attorneys].)

Accordingly, since section 2017.010 concerns the scope of civil discovery, and not the methods of civil discovery, section 2017.010 may not be construed to authorize a vocational rehabilitation examination.  Hohman and Kim may use other discovery methods, such as depositions and interrogatories, to obtain relevant information regarding Haniff's wage loss and loss of earning capacity claims and the opinions of his vocational rehabilitation expert.  (See *Browne*, *supra*, 98 Cal.App.3d at p. 616.)

### 5.  Other Decisions

Hohman and Kim additionally contend that the trial court properly determined that a defense vocational rehabilitation examination may be ordered pursuant to the persuasive decisions of the state courts of New York, the Workers' Compensation Appeals Board, and California appellate decisions regarding mental competency hearings.  As we will discuss, we do not find that these decisions apply in the present case.

The New York decision that Hohman and Kim rely upon is a decision of the New York Supreme Court's appellate division, *Smith v. Manning* (N.Y.App.Div. 2000) 277 A.D. 1004, in which the trial court ordered the plaintiff in a personal injury action to

16

undergo an examination by a nonphysician vocational rehabilitation specialist in the absence of express statutory authorization for the examination. The *Smith v. Manning* court relied upon an appellate decision, *Kavanagh v. Ogden Allied Maintenance Corp.* (N.Y. Ct. App. 1998) 92 N.Y.2d 952, which stated: "Although the plain language of CPLR [Civil Practice Law and Rules] 3121(a) authorizes physical or mental examinations 'by a designated physician,' and defendant's vocational rehabilitation expert was not a medical doctor, CPLR 3121 does not limit the scope of general discovery available, subject to the discretion of the trial court, under CPLR 3101[5] [citations]." (*Id.* at pp. 953-954.)

We do not find these New York state court decisions persuasive, since we have already determined that the California appellate courts have consistently ruled that the trial courts may not expand the methods of civil discovery beyond those expressly permitted by statute. (See, e.g., *Cruz*, *supra*, 121 Cal.App.4th at p. 650; *Roe*, *supra*, 243 Cal.App.4th at p. 144; *Browne*, *supra*, 98 Cal.App. 3d at p. 615.) The decisions of other jurisdictions involving similar statutes may be of " 'great value' " to the California courts where, unlike here, there is no California case directly on point. (*RSL Funding, LLC v. Alford* (2015) 239 Cal.App.4th 741, 746.)

The decisions of the Workers' Compensation Appeals Board are also unpersuasive in the civil discovery context. For example, Hohman and Kim rely on the decision in *Holz v. Workers' Comp. Appeals Bd.* (2013) 78 Cal.Comp.Cases 484 (*Holz*), in which the Workers' Compensation Appeals Board ordered the injured worker to attend a vocational rehabilitation evaluation despite the lack of express statutory authority for a vocational

---

[5] New York Civil Practice Law and Rules, rule 3101, subdivision (a) provides: "Generally. There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: [¶] (1) a party, or the officer, director, member, agent or employee of a party; [¶] (2) a person who possessed a cause of action or defense asserted in the action."

expert evaluation in a workers' compensation case. (*Id*. at p. 486.) However, the board found authority for its order in Labor Code section 5708[6] and California Code of Regulations, title 8, section 10348.[7] (*Holz, supra*, at p. 486.) Hohman and Kim have provided no authority for the proposition that either Labor Code section 5708, which exempts workers' compensation judges from the statutory rules of evidence or procedure, or regulations governing workers' compensation judges, may supplant the Code of Civil Procedure provisions authorizing specific methods of discovery in civil cases.

The decision in *Baqleh v. Superior Court* (2002) 100 Cal.App.4th 478 (*Baqleh*) is also not helpful. In *Baqleh* the issue was whether the defendant in a criminal case whose mental competency is at issue may be ordered "to submit to examination by an expert retained by the prosecution and, if so, the nature of the examination that may be ordered and the consequences of a defendant's refusal to submit." (*Id*. at p. 482.) The *Baqleh* court determined that "[a]lthough the statutory scheme relating to trial on the issue of competency [Pen. Code, § 1367 et seq.] does not specify the pretrial discovery that is allowable, we must assume it contemplates that which is necessary to ensure a fair trial and constitutionally permissible." (*Id*. at p. 489.)

---

[6] Labor Code section 5708 provides: "All hearings and investigations before the appeals board or a workers' compensation judge are governed by this division and by the rules of practice and procedures adopted by the appeals board. In the conduct thereof they shall not be bound by the common law or statutory rules of evidence and procedure, but may make inquiry in the manner, through oral testimony and records, which is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions of this division. All oral testimony, objections, and rulings shall be taken down in shorthand by a competent phonographic reporter."

[7] California Code of Regulations, title 8, section 10348 provides in part: "In any case that has been regularly assigned to a workers' compensation judge, the judge shall have full power, jurisdiction and authority to hear and determine all issues of fact and law presented and to issue any interim, interlocutory and final orders, findings, decisions and awards as may be necessary to the full adjudication of the case, including the fixing of the amount of the bond required in Labor Code section 3715."

The *Baqleh* court further determined that under Penal Code section 1369 a mental competency trial is a special proceeding of a civil nature in which the Civil Discovery Act applies, and therefore the mental examination requested by the prosecution was authorized under former section 2032, subdivision (d).[8] (*Baqleh*, *supra*, 100 Cal.App.4th at p. 491.) The court also ruled that the prosecution had improperly sought videotaping of the mental examination since that form of recording was not authorized under former section 2032, subdivision (g)(2). (*Baqleh, supra*, at p. 492.) Thus, the decision in *Baqleh* is consistent with the other California appellate court decisions ruling that trial courts may not expand civil discovery beyond that permitted by the civil discovery statutes. (See, e.g., *Cruz*, *supra*, 121 Cal.App.4th at p. 650.)

### 6. Conclusion

Since a vocational rehabilitation examination is not one of the civil discovery methods authorized by section 2019.010, we conclude under the applicable legal principles that the trial court acted outside the scope of the court's discretion when it ordered Haniff to undergo a vocational rehabilitation examination. (See *Sargon*, *supra*, 55 Cal.4th at p. 773.) The contention that a defense vocational rehabilitation examination should be an available discovery method as a matter of fundamental fairness and trial preparation in a personal injury case where, as here, the plaintiff seeks compensatory damages for wage loss and loss of earning capacity, is better addressed to the Legislature. (See, e.g, *Waste Management of the Desert, Inc. v. Palm Springs Recycling Center, Inc.* (1994) 7 Cal.4th 478, 490 [contention better addressed to Legislature where holding is

---

[8] Former section 2032, subdivision (a) provided: "Any party may obtain discovery, subject to the restrictions set forth in Section 2019, by means of a physical or mental examination of (1) a party to the action, (2) an agent of any party, or (3) a natural person in the custody or under the legal control of a party, in any action in which the mental or physical condition (including the blood group) of that party or other person is in controversy in the action."

19

based on statute "as it is written, not on a different, perhaps broader, version that could have been, or still may be, enacted"].)

We will therefore issue a peremptory writ of mandate directing the trial court to vacate its order granting the motion for an order compelling Haniff to undergo a vocational rehabilitation examination and to enter a new order denying the motion.

## IV.  DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate the February 18, 2016 order granting the motion for an order compelling Mohammed Haniff to undergo a vocational rehabilitation examination and to enter a new order denying the motion.  Upon finality of this decision, the temporary stay order is vacated.  Costs in this original proceeding are awarded to petitioner Mohammed Haniff

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:


_____
PREMO, ACTING P.J.


_____
MIHARA, J

20

Trial Court:                                  Santa Clara County Superior Court
                                              Superior Court No.:  2013-1-CV252992


Trial Judge:                                  Hon. Maureen A. Folan


Attorneys for Petitioner:
Mohammed Haniff                               J. Kevin Morrison
                                              Joshua D. White
                                              Ross J. Psyhogios
                                              Jones Clifford, LLP


Attorneys for Real Parties in Interest:
James Hohman                                  David A. McDowell
Moonhee Kim                                   Shelley O'Connor
                                              McDowell Shaw Garcia & Mizell


Board of Trustees of the Leland              Keith C. Bower
Stanford Junior University